UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNIUS MILLET, JR. | CIVIL ACTION |
| VERSUS | NO. 13-0934 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION "L" (4) |

**ORDER AND REASONS**

Before the Court are three motions for summary judgment from third-party defendants Foster Wheeler LLC, (Rec. Doc. 102); General Electric Company, (Rec. Doc. 103); and CBS Corporation, (Rec. Doc. 104). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

**I.   BACKGROUND**

This diversity action arises out of alleged asbestos exposure resulting in mesothelioma. Plaintiff Junius Millet was employed by Avondale Shipyards, Inc. in Bridge City, Louisiana, from approximately 1968 to 1972, where he worked as a sheet metal helper. He alleges that during his employment there he was exposed to asbestos-containing products and dust, which caused asbestos-related mesothelioma. Mr. Millet allegedly worked on a number of vessels in proximity to asbestos-containing insulation. Mr. Millet filed suit against Defendant Huntington Ingalls, Inc., as successor in interest to Avondale Shipyards, alleging negligence. Huntington thereafter filed third-party actions against various other entities, including Foster Wheeler, General Electric, and CBS.

II.     **PRESENT MOTIONS**

Foster Wheeler, General Electric, and CBS now move for summary judgment against the claims of third-party plaintiff Huntington. (Rec. Docs. 102, 103, 104). Movants argue that Mr. Millet cannot show that his exposure of the each movant's product, respectively, was a substantial cause of mesothelioma. Specifically, movants argue that Mr. Millet admitted in his deposition that he did not work around boilers, turbines, or wallboard. Movants further argue that no other evidence demonstrates that Mr. Millet worked in proximity to those products. Therefore, they argue, Mr. Millet cannot prove legal causation to establish the requisite frequent, regular exposure to the products of their respective companies.

Huntington replies in opposition to the motions of General Electric and CBS, while the motion of Foster Wheeler is unopposed. (Rec. Docs. 105, 106). Huntington argues that a genuine issue of material fact exists as to the motions of General Electric and CBS. Specifically, Huntington argues that the summary judgment motions are premature: the discovery deadline is not until March 2015. Moreover, Huntington argues that Mr. Millet worked on a number of vessels at the shipyard, and a number of those vessels contained products of General Electric and CBS. Thus, discovery could yield evidence for a reasonable trier of fact to find legal causation.

By leave of Court, movants reply. (Rec. Doc. 111). Movants argue that Huntington cannot ignore Mr. Millet's own deposition testimony that he never worked around turbines. This evidence, movants argue, supports summary judgment.

III.    **LAW & ANALYSIS**

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions

of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

The instant opposed summary judgment motions indeed are premature. Notably, the discovery deadline here is not until March 2015. Although Mr. Millet's deposition has been taken, the evidence, as it presently stands, is not sufficient for a finding that no genuine issue of material fact exists as to the liability of General Electric and CBS. Because more discovery could substantiate the arguments and evidence emphasized by Huntington, summary judgment is not appropriate at this time for the General Electric and CBS motions. The Court will thus deny those motions with the understanding that the parties may re-urge summary judgment motions at a more appropriate time later in the litigation.

The Court now turns to Foster Wheeler's motion. As no party has put forth any evidence, or made any argument, as to why Foster Wheeler's motion for summary judgment should not be granted as unopposed, summary judgment is appropriate for the motion.

**IV.     CONCLUSION**

For these reasons, **IT IS ORDERED** that Foster Wheeler's motion for summary judgment, (Rec. Doc. 102), is **GRANTED** as unopposed;

**IT IS FURTHER ORDERED** that General Electric and CBS Corporation's motions for summary judgment, (Rec. Docs. 103, 104), are **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE