UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNIUS MILLET, JR. | CIVIL ACTION |
| VERSUS | NO. 13-0934 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is Plaintiffs' motion for leave to supplement initial expert reports. (Rec. Doc. 202). Plaintiffs argue that they can explain the need for the supplement, the expert testimony is important, there would be no undue prejudice, and a continuance could cure any such prejudice. During the March 17, 2015 telephone status conference, OneBeacon stated its opposition to Plaintiffs' motion, arguing that it was brought into the litigation late and would suffer prejudice by supplemental expert reports at this late stage.

Under Federal Rule of Civil Procedure 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b). In assessing an untimely motion to amend, the Court must consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

As the Court stated at the February status conference, (Rec. Doc. 163), it would only consider Plaintiffs' motion to supplement expert reports if all parties consented to the supplement. As OneBeacon explained in at the March 17, 2015 status conference, it has opposed the proposed supplement. There is merit to OneBeacon' opposition. Plaintiffs have not

established good cause to supplement their initial expert reports. They have not established a sufficient explanation for making such a significant supplement at this stage, or why they could not have done so sooner. Notably, the deadline for Plaintiffs' supplements was October 17, 2014. (Rec. Doc. 101). Moreover, a continuance would prejudice all parties. The alleged asbestos exposure in this case took place from 1968 to 1972 – over forty years ago. A number of parties and potential witnesses have already passed away. A continuance would prejudice all parties, particularly OneBeacon, who was brought into this litigation late. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave, (Rec. Doc. 202), is **DENIED**.

New Orleans, Louisiana, this 17th day of March, 2015.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE